NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3068
_____

LINDA FRANULOVIC, individually and
on behalf of a class of persons,
                                        Appellant

v.

THE COCA COLA COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(C.A. No. 07-539)
District Judge: Renee M. Bumb

Submitted Under Third Circuit L.A.R. 34.1(a)
on July 15, 2010

Before: FUENTES, VANASKIE, AND WEIS, Circuit Judges.

(Opinion Filed: August 10, 2010)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

-1-

Linda Franulovic ("Franulovic") appeals from the District Court's grant of summary judgment for the Coca Cola Company ("Coca Cola") on her claim charging Coca Cola with violating the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* For the following reasons, we affirm the District Court's judgment.

I.

Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. The Center for Science in the Public Interest ("CSPI") filed suit in February 2007, asserting that Coca Cola engaged in fraudulent and deceptive marketing of Enviga, a green tea soft drink. Coca Cola advertised Enviga as a calorie-burning drink based on the results of a short-term scientific study funded by its corporate partners. Challenging the validity of the study, CSPI sought declaratory and injunctive relief to prevent Coca Cola from marketing Enviga as the "calorie burner."

In a second amended complaint, Franulovic replaced CSPI as the named plaintiff, suing on behalf of herself and in a representative capacity. In the complaint, she challenged the veracity of Coca Cola's advertisements claiming that drinking three cans per day would lead to weight loss. The District Court dismissed the claim for failure to plead an ascertainable injury, but granted Franulovic leave to file an amended complaint and conduct limited discovery

-2-

relating to class certification. Franulovic moved for Fed. R. Civ. P. 23(b)(2) class certification and, thereafter, filed a third amended complaint in which she asserted that she did not lose weight while drinking Enviga.

Coca Cola moved for summary judgment and Franulovic filed a Rule 56(f) affidavit seeking a continuance, which the court denied. The Court then granted summary judgment in Coca Cola's favor, finding that a reasonable jury could determine neither that Franulovic failed to lose weight, nor that the failure to do so was caused by drinking Enviga. The court relied on Franulovic's deposition testimony, wherein she admitted that she failed to monitor her weight or caloric intake while drinking Enviga. Indeed, she testified that the only indication of weight gain was tighter fitting pants. The District Court held that this factual record, combined with Franulovic's testimony, was insufficient to defeat Coca Cola's summary judgment motion.

Franulovic moved for leave to file a fourth amended complaint, which, among other claims, asserted that Coca Cola advertised Enviga as a calorie burning drink without prior substantiation. The court ruled that the proposed complaint did not state a claim because (1) the complaint did not allege that Franulovic failed to lose calories, and (2) it did not address whether Coca Cola lacked evidence proving that Enviga would burn calories. In a motion for

reconsideration Franulovic asserted that she did not need to address these issues because she pled a prior substantiation claim. The District Court held that the New Jersey Consumer Fraud Act does not recognize this theory of liability, and, therefore, denied her leave to file an amended complaint because of futility. It did, however, permit her to further amend the complaint in light of the court's determination. Franuloivc instead filed a notice of appeal.

## II.

Franulovic contends that the District Court erred in (1) granting summary judgment for Coca Cola; (2) denying her motion to file a fourth amended complaint; and (3) denying her Rule 56(f) motion.

### A. Summary Judgment

We consider a district court's grant of summary judgment under a plenary standard of review. *Monroe v. Beard*, 536 F.3d 198, 206 (3d Cir. 2008). To prevail on her CFA claim, Franulovic must show (1) unlawful conduct by Coca Cola; (2) an ascertainable injury; and (3) a causal relationship between Coca Cola's unlawful conduct and her ascertainable injury. *See N.J. Citizen Action v. Schering-Plough Corp.*, 842 A.2d 174, 176 (N.J. Super. Ct. App. Div. 2003) (referring to N.J.S.A. § 56:8-19).

The District Court correctly ruled that Franulovic did not set forth sufficient evidence to show that she suffered an ascertainable loss. Although Franulovic argues that she gained weight as a result of drinking Enviga, she did not monitor her weight before she began the Enviga program and never kept track of how many calories she consumed or how much she weighed during the relevant time period. Her only supporting evidence was testimony that her pants felt tighter. This "purely subjective impression without any factual support amounts to nothing of legal significance and is insufficient to defeat a motion for summary judgment." *Carlson v. Arnot-Ogden Memorial Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990). Franulovic's failure to monitor her weight and caloric intake also makes it impossible to prove with any legal certainty that any weight gain was the result of drinking Enviga. Accordingly, she cannot show that Coca Cola caused her any ascertainable loss.

Because Franulovic cannot show a disputed material fact relating to loss or causation, the District Court's grant of summary judgment in Coca Cola's favor was proper.

**B. Prior Substantiation**

In her motion for leave to file a fourth amended complaint, Franulovic claimed that Coca Cola was required to adequately substantiate its advertising

claims prior to marketing Enviga.  Franulovic assigns error to the District Court's determination that the CFA does not recognize a prior substantiation claim.

A court's decision to deny a party's motion to amend a complaint is reviewed under an abuse of discretion standard.  *Foraker v. Chaffinch*, 501 F.3d 231, 243 (3d Cir. 2007).  A district court abuses its discretion when the decision is based on an "errant conclusion of law."  *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987).  No New Jersey or Third Circuit decision has applied the prior substantiation theory to the New Jersey Consumer Fraud Act, and we, therefore, decline to do so here.  Because the District Court correctly held that a New Jersey Consumer Fraud Act claim cannot be premised on a prior substantiation theory of liability, it did not abuse its discretion when it denied Franulovic's leave to file a fourth amended complaint.

## C. Discovery

Finally, the District Court did not err when it denied Franulovic's Rule 56(f) motion.  We review a court's decision to preclude further discovery in response to a summary judgment motion under an abuse of discretion standard.  *Brumfield v. Sanders*, 232 F.3d 376, 280 (3d Cir. 2000).  Franulovic argues that she should have been permitted to obtain discovery pertaining to the reasonableness of measuring weight loss by the snugness of one's pants,

-6-

monitoring calorie intake, and the effect of minor variations in diet. She additionally claims that she should have been allowed discovery regarding investigations Coca Cola conducted during class certification discovery. It is unclear, however, how further discovery along these lines would have had any bearing upon the District Court's disposition of the pending summary judgment motion. The Court's ruling was based on Franulovic's testimony, which failed to support her claim that she suffered an ascertainable loss or that this loss was attributable to Enviga. The Court's determination that her claims were based on conjecture and speculation would not be remedied by further discovery. As a result, the court did not abuse its discretion in denying her motion for continuance.

III.

For the foregoing reasons, we affirm the judgment of the District Court.